## NEVINS v McCLURE et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1394. Decided June 4, 1936

188

Daniel Nevins, Dayton, in propria persona, and M. H. Heck, Dayton, for plaintiff and appellant.

Alcorn & Schulman, Dayton, for defendants and appellees.

### OPINION

By BODEY, J.

This cause is before the court on an appeal upon a question of law, said appeal having been perfected February 24, 1936. The action originated in the Court of Common Pleas. In that court the demurrer to plaintiff's petition was sustained and, plaintiff not desiring to plead further, final judgment was entered in favor of the defendants. This is the judgment which plaintiff seeks to reverse in the present proceeding.

Plaintiff's petition reads as follows:

"PLAINTIFF SAYS THAT ON THE 18TH DAY OF OCTOBER 1935 Frank Barberick and Flora Barberick, husband and wife, executed and delivered to this plaintiff their certain note for $750.00 and to secure the payment thereof they executed and delivered to plaintiff their mortgage deed for Lot No. 29443 of the revised and consecutive numbers of Lots on the plat of the City of Dayton, Ohio; that said mortgage was on the 19th day of October 1935 at 9:55 A. M. filed with the Recorder of Montgomery County, Ohio, and thereby became the first and best lien on Lot No. 29443.

That the said defendants, Omer K. McClure and Effie McClure, have caused said Lot to be advertised to be sold by P. J. Kloos, as Sheriff of Montgomery County, Ohio, on the 11th day of January, 1936 on a pretended attachment and judgment obtained in Case No. 78248 in this court. This plaintiff says that by reason of irregularities appearing on the record of said case the said Omer K. McClure and Effie Mc-

Clure have no valid lien on said lot No. 29443; that if they have any lien on said lot, which plaintiff denies, the same is inferior to the mortgage lien of this plaintiff."

"That P. J. Kloos is the duly elected, qualified and acting Sheriff of Montgomery County, Ohio, and will unless restrained by this court offer said lot for sale on January 11th, 1936. That the sale of said lot by the Sheriff will deprive this plaintiff of his rights therein and will put him to large and unnecessary costs for all of which this plaintiff has no full complete and adequate remedy at law, and that he will be irreparably injured.

Plaintiff says that said lot is not advertised subject to the mortgage lien of this plaintiff.

Wherefore, plaintiff prays that a temporary restraining order be issued restraining the said P. J. Kloos, as Sheriff of Montgomery County, Ohio, from offering said lot for sale on January 11th, 1936, and that upon a final hearing said restraining order be made permanent; that the said Omer K. McClure and Effie McClure, if found, be restrained from attempting to sell said lot unless the same is subject to the rights of this plaintiff, and for all other and further relief to which he is entitled in equity."

The demurrer of defendants attacks the petition on two grounds, viz:

1. That the same does not set forth sufficient facts to constitute a cause of action against the defendants or to entitle the plaintiff to the relief prayed for;

2. Because the petition discloses that the plaintiff has a full and adequate remedy at law.

It is well known that a demurrer admits the truth of facts which are well pleaded. It is also recognized that a court, in passing upon a demurrer, may not go outside of the pleading to which it is directed for information, but that it 'must rely wholly and entirely upon the language used therein.' 31 O. J., 702, §143.

In the case before us it appears that plaintiff has a valid mortgage lien upon certain real estate situate in Montgomery County, Ohio; that plaintiff's mortgage has been duly recorded in said county; that plaintiff's lien is the first and best lien on said real estate; that the defendants, Omer K. McClure and Effie McClure, may have a lien upon said realty by reason of an

attachment obtained in Case No. 78248; that, if they have such lien the same is inferior to plaintiff's lien; that said defendants have caused said premises to be advertised for sale by the defendant, Sheriff; and that said sale is not advertised as one subject to plaintiff's mortgage lien.

It does not appear that plaintiff was a party to cause No. 78248 pending in the Common Pleas Court. The instant petition does not disclose the name or names of the judgment debtors or the parties to that action. If plaintiff was a party defendant to cause No. 78248, then his appropriate remedy to reverse the judgment of the trial court would have been by proceedings for review in this court, and he would thus have an adequate remedy at law. If he was a party in said cause and did not proceed to review the adverse judgment of the Common Pleas Court, then he may not substitute the present action for such review.

"The court of law was open to hear them, and a court of equity does not take upon itself to correct the errors of a court of law, if any are committed."
Spencer v King, 5 Ohio, 182.

If plaintiff was not a party to the proceedings in Case No. 78248, then he has not had his day in court. If plaintiff was not such a party in that case and if this property is sold as advertised, the court may not foreclose plaintiff's claim by ordering said sale. The mortgage of plaintiff is recorded. If the property was sold by order of the court entered in an action in which plaintiff was not a party the purchaser at the sale would necessarily take the same subject to the mortgage lien of plaintiff, whether or not the sale was so advertised. Plaintiff would still have an adequate remedy at law. When his mortgage is in default he may file an action in foreclosure, make the purchaser at the Sheriff's sale a party defendant, and have the priority of the respective liens determined; or, if cause No. 47248 is still pending, plaintiff may become a party defendant in that action and have the priority of liens determined therein. As we view the petition, it seems to us that the mere sale of the property by the Sheriff will not take away from plaintiff any of his rights and that he has an adequate remedy at law although he may not have been a party in Cause No. 78248. If he was a party to that ac-

tion, then, as already stated, his remedy was one for direct reivew.

An application for injunction will generally be refused if the party seeking the issue thereof has a plain and adequate remedy at law. Whether or not a party has an adequate remedy at law must be determined from all available facts. An allegation of inadequacy of legal remedy is a conclusion and is not admitted by demurrer.

In our judgment, plaintiff has an adequate remedy at law. Therefore, the trial court correctly sustained the demurrer to plaintiff's petition. Its judgment is accordingly affirmed. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.